UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW YORK LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>MIKE DIAL, an individual; EDDY G. BUVERT, an individual; and CATHOLIC FUNERAL AND CEMETERY SERVICES OF THE DIOCESE OF SACRAMENTO, a California nonprofit religious corporation,<br><br>    Defendants. | No. 2:19-cv-801-KJM-EFB<br><br>FINDINGS AND RECOMMENDATIONS |

This case is before the court on plaintiff New York Life Insurance Company's ("New York Life") motion for entry of default judgment against defendant Mike Dial.[1] ECF No. 31. For the reasons stated below, the motion should be granted.[2]

/////

/////

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19). *See* 28 U.S.C. § 636(b)(1).

[2] Because oral argument would not have materially assisted in the resolution of pending motion, the matter was ordered submitted on the New York Life's brief. ECF No. 36; *see* E.D. Cal. L.R. 230(g).

I.      Background

New York Life commenced this interpleader action because of potential competing claims among defendants—Mike Dial, Eddy Buvert, and Catholic Funeral and Cemetery Services of the Diocese of Sacramento ("CFCS")—to insurance proceeds from a life insurance policy it issued. ECF No. 1.  According to the complaint, in 2011 New York Life issued Eugene Lawlor (the "Insured") a life insurance policy in the amount of $100,000. *Id*. ¶¶ 8-9, Ex. A.  At the time the policy was issued, the Insured designated defendant Dial as the sole beneficiary under the policy. *Id*. at ¶ 9, Ex. A.  In October 2017, the Insured called New York Life and advised it that he wanted to change the beneficiary to "St. Mary's Cemetery in Sacramento." *Id*. ¶ 10.  New York Life confirmed that the Insured wanted to "assign the funeral home as beneficiary" and subsequently mailed the Insured a collateral assignment form. *Id*. ¶¶ 10-11.

The following month, the Insured executed and returned the form, but it indicated that defendant Buvert, not St. Mary's Cemetery, was to be designated as the sole beneficiary. *Id*. ¶ 12, Ex. C.  In early 2018, New York Life sent a letter requesting the Insured contact it to clarify that he wanted to designate St. Mary's Cemetery as the beneficiary under the policy. *Id*. ¶ 13, Ex. D.  After the Insured died in May 2018[3], both defendant Buvert and defendant CFCS asserted claims to the insurance proceeds. *Id*. ¶¶ 14-20.  Defendant Dial, the original beneficiary, did not submit a claim. *Id*. ¶ 21.

New York Life subsequently commenced this interpleader action and served Buvert and CFCS, both whom have filed answers to the complaint. ECF Nos. 5 & 6.  New York Life was unsuccessful in its attempts to locate Dial and, consequently, it moved to serve Dial by publication pursuant to California Code of Civil Procedure section 415.50. ECF No. 10.  That motion was granted, and New York Life was directed to serve Dial by publication in the *Sacramento Bee*.  New York Life's request for entry of Dial's default, filed March 18, 2020, indicates that service of process was completed on Dial on February 11, 2020, by publishing the summons and the complaint once a week for four consecutive weeks (January 21, January 28,

---

[3] The complaint is silent as to whether the Insured responded to New York Life's letter, but presumably he did not.

1  February 4, and February 11) in the *Sacramento Bee*.  ECF No. 28-1 ¶¶ 3-4.  The Clerk entered

2  Dial's default two days later, and the instant motion was filed shortly thereafter.

3        On July 14, 2020, defendants Buvert and CFCS participated in a court supervised

4  settlement conference, at which they reached a verbal settlement of their competing claims.[4]  ECF

5  No. 40.  More recently, New York Life, Buvert, and CFCS filed a stipulation requesting the court

6  to order, among other things, that: (1) New York Life retain $5,000 from the insurance

7  procedures for partial payment of its attorney's fees[5]; (2) CFCS be paid the remaining balance of

8  $95,000; and (3) Buvert and CFCS be enjoined from instituting or prosecuting any proceeding in

9  state or federal court concerning the insurance benefits at issue in this action.[6]  ECF No. 41.

10  II.    Discussion

11      A.    <u>Entitlement to Default Judgment</u>

12        Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party

13  against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend

14  against the action.  *See* Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not

15  automatically entitle the plaintiff to a court-ordered judgment."  *PepsiCo, Inc. v. Cal. Sec. Cans*,

16  238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25

17  (9th Cir. 1986)).  Instead, the decision to grant or deny an application for default judgment lies

18  within the district court's sound discretion.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.

19  1980).  In making this determination, the court considers the following factors:

20        (1) the possibility of prejudice to the plaintiff, (2) the merits of
      plaintiff's substantive claim, (3) the sufficiency of the complaint, (4)
21        the sum of money at stake in the action, (5) the possibility of a dispute

---

[4] New York Life's counsel was excused from participating in the settlement conferment but was present when the agreement was recited on the record.  ECF No. 40.

[5] A declaration submitted with New York Life's motion reflects that it has already incurred more than $20,000 in legal fees, but its counsel has agreed to accept a reduced award of $5,000.  ECF No. 32-1 ¶ 8.

[6] The stipulation also reflects that Buvert has agreed to abandon any claim to the insurance proceeds.  ECF No. 41 at 2.

> concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted). However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). A party's default conclusively establishes that party's liability, although it does not establish the amount of damages. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (stating that although a default established liability, it did not establish the extent of the damages).

Here, New York Life's complaint alleges that there are competing claims to the interpleaded funds by multiple claimants, that such claims could expose New York Life to multiple liability, and that New York Life is willing to deposit the disputed funds with the court.[7] ECF No. 1. ¶¶ 16-25. Because defendant Dial has failed to answer New York Life's complaint or otherwise appear in this action, he cannot contend that interpleader was improper under 28 U.S.C. § 1335 or Rule 22, or that New York Life has any liability to Dial. Accordingly, factors two and three favor granting plaintiff's motion.

Furthermore, many of the remaining *Eitel* factors weigh in favor of granting New York Life's application for default judgment. Dial was properly served by publication but failed to respond to the complaint. ECF Nos. 11 & 12. Thus, there is no indication Dial's default is due to excusable neglect. The sum of money at stake, while not nominal, does not clearly weigh against

---

[7] The docket does not reflect that the funds at issue were deposited with the court.

4

granting New York Life's motion, especially given that it does not assert an interest in the insurance proceeds. And when accepting the complaint's allegations as true, there is little possibility of a dispute concerning material facts. *See, e.g., Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); *accord Philip Morris USA, Inc.*, 219 F.R.D. at 500; *Cal. Sec. Cans*, 238 F. Supp. 2d at 1177.

Furthermore, New York Life would be prejudiced if default judgment were not granted because it would not be able to obtain the certainty and finality that judgment in an interpleader is intended to provide. *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000) ("Interpleader's primary purpose is not to compensate, but rather to protect stakeholders from multiple liability as well as from the expense of multiple litigation."). Although there is a strong policy in deciding cases on the merits, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *Cal. Sec. Cans*, 238 F. Supp. 2d at 1177; *see Craigslist, Inc. v. Naturemarket, Inc.*, 2010 WL 807446, at *16 (N.D. Cal. Mar. 5, 2010); *ACS Recovery Servs., Inc. v. Kaplan*, 2010 WL 144816, at *7 (N.D. Cal. Jan. 11, 2010); *Hartung v. J.D. Byrider, Inc.*, 2009 WL 1876690, at *5 (E.D. Cal. June 26, 2009).

B. <u>Entry of Judgment as to all Parties</u>

As set forth above, New York Life is entitled to default judgment discharging it from all liability to defendant Dial. Furthermore, given that the remaining parties have settled their claims, entry of a final judgment is appropriate at this time.

III. <u>Conclusion</u>

For the reasons stated above, and pursuant to the parties' stipulation (ECF No. 41) it is hereby RECOMMENDED that:

1. New York Life Insurance Company's motion for default judgment against defendant Dial (ECF No. 32) be granted;

/////

    2. New York Life Insurance Company be discharged from any and all liability to defendant Mike Dial relating to AARP life insurance certificate number A87 776 71, which was issued by the New York Life Insurance Company to Eugene Lawlor;

    3. That the court approve the stipulation between New York Life Insurance Company, Eddy Buvert, and CFCS (ECF No. 41) and order that:

        a. New York Life Insurance Company be awarded attorneys' fees and costs in the amount of $5,000;

        b. New York Life Insurance Company be directed pay to CFCS the remaining balance on the Death Benefit, in the amount of ninety-five thousand dollars ($95,000.00);

        c. Defendants Buvert and CFCS be enjoined from instituting or prosecuting any proceeding in any State or United States court affecting the Death Benefit and/or the Policy;

        d. Upon payment of the Death Benefits Registry, New York Life Insurance Company be discharged of all liability relating to payment of the Death Benefit, interest due thereon, or otherwise in connection with the Policy; and

        e. Upon payment of the Death Benefits, any and all claims raised or that could have been raised against New York Life Insurance Company relating to the Death Benefit, interest due thereon, or otherwise in connection with the Policy be dismissed with prejudice.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 17, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE